UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>MYRON MOTLEY, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:19-cr-00026-LRH-CSD<br><br>ORDER |

Defendant Myron Motley was convicted by a jury after a multi-day trial that began on May 3, 2021, and he is currently pursuing an appeal of his conviction. (ECF No. 383 at 1.) Before the Court[1] is Motley's unopposed motion for leave to view juror information sheets. (*Id.* (the "Motion").) As further explained below, the Court will grant the Motion.

Motley explains in his Motion that he "requests the Court provide leave for appellate counsel to view the juror information sheets for purposes of appeal[,]" so he may present any and all cognizable issues related to jury selection and composition in his opening appellate brief due April 12, 2022. (*Id.* at 1.) The government does not oppose the request. (*Id.* at 2.)

---

[1] This Motion came to the Court in its capacity as Chief Judge under Section 5.02 of the Amended Jury Plan for the District of Nevada. That section provides:

> The contents of records and papers used in the Jury Selection Process will not be disclosed, except upon written order of the court. Applications for disclosure of records related to the Jury Selection Process must be made by motion to the Chief Judge and must set forth why disclosure should be allowed.

Amended Jury Plan for the District of Nevada at 15, Section 5.02 (Adopted Jan. 25, 2017), https://www.nvd.uscourts.gov/wp-content/uploads/2020/07/9th-Amended-Jury-Plan-Nevada-1-25-2017.pdf. Section 1.03 defines "Jury Selection Process" to include "all activities associated with the master and qualified jury wheels relating to the random selection, qualification, summoning, and service of grand and petit jurors. (*Id.* at Section 1.03.) Motley accordingly directed his Motion at the Chief Judge, not United States District Judge Larry R. Hicks, who presides over this case.

The Court finds Motley has presented sufficient reasons why his request should be granted in his Motion. Certain, potentially cognizable appellate challenges could depend on the makeup of the jury that convicted Motley. Moreover, Motely represents he will only view, but not take, any records from the Court and will protect the personal information of jurors.

It is therefore ordered that Defendant Myron Motley's unopposed motion for leave to view juror information sheets (ECF No. 383) is granted.

It is further ordered that Motley's counsel must work with the Jury Administrator to view the records sought in his Motion in a manner and at a time acceptable to the Jury Administrator.

DATED THIS 22nd Day of March 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE