UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>MYRON MOTLEY, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:19-cr-00026-LRH-CSD<br><br>ORDER |

　　Defendant Myron Motley was convicted by a jury after a multi-day trial that began on May 3, 2021, and he is currently pursuing an appeal of his conviction. (ECF No. 394 at 1.) Before the Court[1] is Motley's motion requesting the Court file juror information under seal and provide a copy to the parties. (ECF No. 402.)

　　The Court previously granted three of Motley's unopposed motions to view juror information sheets, responses to the Additional Questions provided by, and Supplemental Questionnaires filled out by, prospective jurors in this case, along with his request to review Juror Qualification Questionnaires. (ECF Nos. 388, 393, 397.) Motley then followed up, explaining that he has decided to raise an appellate claim under *Batson v.*

---

[1] This Motion came to the Court in its capacity as Chief Judge under Section 5.02 of the Amended Jury Plan for the District of Nevada. That section provides:

> The contents of records and papers used in the Jury Selection Process will not be disclosed, except upon written order of the court. Applications for disclosure of records related to the Jury Selection Process must be made by motion to the Chief Judge and must set forth why disclosure should be allowed.

Amended Jury Plan for the District of Nevada at 15, Section 5.02 (Adopted Jan. 25, 2017), https://www.nvd.uscourts.gov/wp-content/uploads/2020/07/9th-Amended-Jury-Plan-Nevada-1-25-2017.pdf. Section 1.03 defines "Jury Selection Process" to include "all activities associated with the master and qualified jury wheels relating to the random selection, qualification, summoning, and service of grand and petit jurors. (*Id.* at Section 1.03.) Motley accordingly directed his Motion at the Chief Judge, not United States District Judge Larry R. Hicks, who presides over this case.

*Kentucky*, 476 U.S. 79 (1986). (ECF No. 402 at 2.) Motely argues that "prospective jurors' self-reported ages and employment (contained on the Juror Information Sheets) and self-reported race and ethnicity (contained on the Juror Qualification Questionnaires) are necessary and relevant to" his *Batson* challenge. (*Id.*) He accordingly asks the Court to file this information under seal so it may become part of the record for his appeal. (*Id.* at 2-3.)

The Court is persuaded by Motley's argument that the juror information his counsel has already reviewed is considered part of the district court's record, and thus properly part of the record he must submit as part of his appeal. *See Charles v. Felker*, 473 F. App'x 541, 543-44 (9th Cir. 2012) (taking judicial notice of and reviewing similar materials as part of a *de novo* comparative juror analysis as to the appellant's *Batson* challenge). The Court will thus grant Motley's motion.

As to form and contents (ECF No. 402 at 3-4), the Court has attached as a sealed exhibit to this order copies of the Information Sheets and Juror Qualification Questionnaires for the 34 jurors qualified for cause in this case with all information redacted from them except for: (1) the prospective juror or juror's name; (2) their self-reported ages and employment (contained on the Juror Information Sheets); and (3) their self-reported race and ethnicity (contained on the Juror Qualification Questionnaires).

It is therefore ordered that Motley's motion requesting the Court file juror information under seal and provide a copy to the parties (ECF No. 402) is granted as specified herein.

DATED THIS 1st Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE